NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ANIBAL ALDAHIR GALLARDO-RIVERA; DEISY YULIANA GODOY-GUERRA; E. A. G.-G.,<br><br>        Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No. 23-3984<br><br>Agency Nos.<br>A220-458-245<br>A208-949-207<br>A208-949-208<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Anibal Aldahir Gallardo-Rivera, his wife Deisy Yuliana Godoy-Guerra, and

their minor son are natives and citizens of Guatemala. They petition for review of a

decision of the Board of Immigration Appeals ("BIA") affirming an order of an

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ") (collectively, "the Agency") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the Agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal on the basis that Petitioners did not show a causal nexus between the harm they experienced or fear in the future and a statutorily protected ground. Despite asserting that he was persecuted for holding an "anti-gang" political opinion, Gallardo-Rivera also testified that unknown individuals extorted his

family solely for economic reasons, and that his family was not threatened or harmed after refusing to comply with the extortion demands. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (explaining that extortion is not on account of a protected ground when it is motivated solely by an economic motive); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). This lack of nexus is dispositive of Petitioners' asylum and withholding of removal claims. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal."); *Rodriguez-Zuniga*, 69 F.4th at 1018 ("[W]here, as here, the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding.").

2. Substantial evidence supports the BIA's denial of CAT protection. Gallardo-Rivera testified that Petitioners never experienced physical harm, and that neither Petitioners nor their family members have been contacted since the isolated incidents underlying their CAT claim. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019) (explaining that death threats alone rarely amount to past persecution and upholding the agency's determination that repeated death

3                                          23-3984

threats did not amount to past torture); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard."). And "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.